UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT JUAREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-04175-SLD-JEH ) |
| MARVIN ELLISON, CHRISTINE E. WORMUTH, and BLAKE HALL, | ) ) ) |
| Defendants. | ) ) |

ORDER

*Pro se* Plaintiff Robert Juarez brings suit against Marvin Ellison (the chief executive officer of Lowes), Christine E. Wormuth (the Secretary of the Army), and Blake Hall (the chief executive officer of ID me.com). *See* Compl. 1, 11, 22, ECF No. 1.[1]  The matter comes before the Court for screening.  For the reasons that follow, the Court ORDERS Plaintiff to file an amended complaint.

**BACKGROUND**

Plaintiff alleges that he applied for and received a military discount at Lowes in June 2010. *See id.* at 4.  He alleges that Lowes violated its store policy by failing to fully refund Plaintiff for mortar and concrete blocks. *Id.* at 4–5.  Plaintiff further alleges that in 2022, he encountered unspecified issues in using his military discount at Lowes, which has caused Plaintiff stress because he thinks "Defendant(s) view [him] as if he is committing fraud or dis[]honoring military veteran(s)." *See id.* at 6 (capitalization altered).  He alleges that he wrote to Ellison asking for assistance, but Ellison never replied. *Id.*

---

[1] The Court is citing to ECF No. 1 as one complaint for purposes of this Order, notwithstanding that Plaintiff has set forth his claims against each Defendant in separate complaints.  The Court uses the page numbers assigned by CM/ECF.

1

Next, Plaintiff alleges that he was enlisted in the Army between July 23, 1968 and December 1968, when he was medically discharged, and that he did not receive his monthly compensation during that period. *Id.* at 12–13. He seeks to correct military records but does not specify what type of corrections he seeks to have made or to what records. *See id.* at 13.

Lastly, Plaintiff alleges that Lowes started using services from Hall to facilitate its military discount program. *Id.* at 23. He alleges that "ID me.[]com does not allow Plaintiff access to amend his record(s)." *Id.* at 24 (capitalization altered). He also alleges that Hall's company failed to notify him that he would no longer be eligible for the discount program and that he never authorized Lowes to share his private information with outside parties. *Id.*

## DISCUSSION

### I. Legal Standard

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A court must dismiss a complaint if the court determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A court must also dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a court may order a party to provide a more definite statement *sua sponte*. *E.g.*, *Mitchell v. Elec. Beach Tanning Salon Ltd.*, Case No. 18 C 7475, 2019 WL 1077127, at *2 (N.D. Ill. Mar. 7, 2019) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)); *see* Fed. R. Civ. P. 12(e).

### II. Analysis

There are a number of issues with Plaintiff's complaint which necessitate repleading.

First, and most importantly, the Court finds that Plaintiff's complaint fails to give Defendants and the Court "fair notice of what [his] . . . claim[s] [are] and the grounds upon which [they] rest[]," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quotation marks omitted). The Court cannot discern what Plaintiff's claims are. For example, Plaintiff does not specify what kind of issues he had using his military discount or which Defendant viewed him as committing fraud. Moreover, it is not clear what injury (or injuries) Plaintiff suffered by Ellison that he seeks relief for—the violation of store policy? An emotional harm from being ineligible for the military discount? Simply being ineligible for the discount? Failing to respond to his letter? Sharing private information (and, if so, what information)? The nature of his claim against Hall is similarly unclear. He vaguely mentions privacy concerns, contracts, a lack of notice, and an inability to correct records with ID me.com. He does not allege what records he wanted to correct with ID me.com or what role Hall played in his injuries. For similar reasons, his claim against Wormuth is unclear. He complains about failure to get monthly compensation in 1968, but the relief he seeks is correction of military records. He does not allege what records need to be corrected or with what information.[2] And though a "plaintiff is not required to plead . . . legal theories or cases or statutes," *Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002), because of the vagueness and ambiguity in the complaint, the Court cannot surmise what possible legal claims Plaintiff could have.[3]

---

[2] The documents Plaintiff included along with this claim, *see* Compl. 15–16, further confuse the matter because they suggest no records exist.

[3] Plaintiff did attach a printout of 45 C.F.R. § 5b.7 to his complaint, *see* Compl. 17–18, but that regulation applies to records of the Department of Health and Human Services. The only records Plaintiff seems to complain about are presumably Army records.

Next, along those lines, Plaintiff fails to identify a basis for the Court to exercise jurisdiction. A federal court's jurisdiction is limited to cases "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally, this court has the authority to hear two types of cases: (1) those in which a plaintiff alleges a violation of his rights under the Constitution or federal law; and (2) those in which a citizen of one state alleges a violation of his rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–32. Because Plaintiff's claims are unclear, it is unclear whether the complaint invokes federal law or whether Plaintiff is relying on diversity jurisdiction under 28 U.S.C. § 1332. If he is relying on diversity jurisdiction, he fails to allege the citizenship of any of the parties.

Lastly, Plaintiff has set forth his claims against each Defendant in what appear to be separate complaints. *Compare, e.g.*, Compl. 1–7 (including a case caption that lists only Ellison as a defendant and then setting forth claims that are purportedly only against Ellison), *with id.* at 11–13 (including a case caption that lists only Wormuth as a defendant and then setting forth claims that are purportedly only against Wormuth). Not only does this violate Federal Rule of Civil Procedure 10(a), which requires that a pleading contain a caption including all the parties, but it also appears to violate Rule 20(a). A plaintiff may join multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A), and "any question of law or fact common to all defendants will arise in the action," *id.* 20(a)(2)(B). Here, Plaintiff does not appear to assert any right of relief against

Ellison, Wormuth, and Hall arising out of the same transaction or occurrence. His claim against Wormuth seems to arise out of events that occurred in 1968 and calculation of his military benefits, whereas his claims against Hall and Ellison seem to arise out of issues with Plaintiff's use of the military discount program in 2022.

"Rule 12(e) . . . is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). Therefore, the Court ORDERS Plaintiff to file an amended complaint that includes a more definite statement of his claims addressing the issues identified above. Plaintiff must file only one complaint, not one complaint against each defendant. His complaint must include "a short and plain statement" of his claims "showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). He must include additional allegations that clarify the nature of the injuries of which he complains and what each defendant did to cause his injuries. His complaint must also include a "short and plain statement of the grounds for the court's jurisdiction." *Id.* 8(a)(1). If he is asserting only state law claims, then he must allege the citizenship of each defendant. Citizenship of an individual is based on the individual's "domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). If his claims against each defendant arise out of the same transaction or occurrence, he may assert them in the same complaint. But if the claims he seeks to assert against a defendant are unrelated to the claims against other defendants, he must file them in a separate case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

## CONCLUSION

Accordingly, the Court ORDERS Plaintiff to file an amended complaint in accordance with this Order by January 24, 2023.

Entered this 3rd day of January, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
